**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| DENVER BLACKWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-CV-176-AGF |
| ) | |
| CORIZON HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Denver Blackwell, an inmate at the Southeast Correctional Center ("SECC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $74.75. Additionally, for the reasons discussed below, the Court will partially dismiss the complaint, and issue process on the non-frivolous portions thereof.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $373.75. The Court will therefore assess an initial partial filing fee of $74.75, twenty percent of that amount.

## Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is an inmate at the Southeast Correctional Center ("SECC"). He filed the complaint pursuant to 42 U.S.C. § 1983 against Corizon Health (also "Corizon"), Dr. Oscar G. Goodhand, Medical Administrator Molly Leija, Deputy Director of Adult Institutions Jason Lewis, and SECC Warden Bill Stange. Plaintiff sues the defendants in their official and individual capacities. Plaintiff claims Dr. Goodhand provided negligent dental care on August 29, 2019. Plaintiff claims the remaining defendants wrongfully denied him dental care and referral to a specialist beginning in 2019 and continuing to the present. His claims and supporting allegations are as follows.

On August 29, 2019, while extracting one of plaintiff's teeth, Dr. Goodhand broke plaintiff's jaw, injuring his jawbone, nasal cavity, and an adjoining tooth. In a statement attached to the complaint, plaintiff describes in detail the August 29 procedure. Plaintiff describes being thoroughly evaluated by Dr. Goodhand, discussing with Dr. Goodhand whether to fill the tooth

3

or extract it, and the ultimate decision to extract. Plaintiff describes Dr. Goodhand performing the extraction procedure, and described it as complicated and difficult. After the procedure, plaintiff was housed in unsanitary conditions and developed an infection, and received treatment from an unspecified provider. Plaintiff does not allege that Dr. Goodhand or anyone else failed to provide necessary treatment for that infection.

Plaintiff's allegations and documents he attached to the complaint establish that plaintiff was subsequently referred to Dr. Michael Bauman, an oral surgeon, who evaluated plaintiff on September 3, 2019 and performed surgery on September 10, 2019. That surgical procedure included a bone graft. Plaintiff received follow up care from Dr. Bauman on September 16 and September 20, 2019. On October 21, 2019, Dr. Bauman recommended that plaintiff see a specialist to address his continued medical needs, but "Corizon Health Care personnel" denied the request. Plaintiff alleges that Dr. Goodhand "made no attempt to follow through on the specialist's recommendation." However, plaintiff does not allege he sought Dr. Goodhand's assistance with the matter or sought any further care from him, or had any interaction with Dr. Goodhand after August 29, 2019.

Condensed and summarized, plaintiff's claims against Corizon, Leija, Lewis and Stange are as follows. Corizon and the SECC have "extraction only" policies. Plaintiff has been told by "dental personnel" that extractions and emergencies are prioritized pursuant to "guidelines passed down by SECC Administration and Corizon Health Care." Plaintiff claims that pursuant to the policies of Corizon and the SECC, dental procedures and specialist referrals have been denied to him, and will only be provided when extraction becomes necessary.

Plaintiff can be understood to claim that, beginning in 2019 and continuing to the present, Leija, Lewis and Stange have, through their acts and/or omissions, prevented him from having

4

dental care, including fillings; interfered with the recommendation that plaintiff see a specialist; and established and enforced unconstitutional "extraction only" policies to keep plaintiff on a waiting list for necessary dental care, including fillings and specialist referral. Plaintiff also claims Lewis and Stange have failed to ensure that SECC has sufficient medical personnel. Plaintiff seeks compensatory and punitive damages.

## Discussion

Plaintiff claims Dr. Goodhand is liable to him for injuries caused by the August 2019 extraction. Having thoroughly reviewed and liberally construed the complaint, the Court concludes that plaintiff's claims against Dr. Goodhand are not cognizable in this action.

The Eighth Amendment requires that inmates be provided with adequate medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference. *Id.* The test for deliberate indifference consists of two prongs. *Id.* First, an inmate must show that he "suffered from an objectively serious medical need." *Id.* Second, an inmate must show that the defendant knew of and deliberately disregarded that need. *Id.*

Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 914–15 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, 839–40 (1994)). Showing medical malpractice is not enough: "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

5

Instead, an inmate must show that the provider disregarded "a known risk to the inmate's health." *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

In this case, plaintiff's allegations establish the first prong: that he had an objectively serious medical need. However, plaintiff's allegations do not establish the second prong: that Dr. Goodhand deliberately disregarded that need. Instead, plaintiff's allegations establish, at most, that Dr. Goodhand was negligent or committed medical malpractice when providing care on August 29, 2019. In fact, plaintiff specifically characterizes his claims against Dr. Goodhand as claims for negligence and medical malpractice. While plaintiff's allegations may form the basis of a state-law tort claim against Dr. Goodhand, they do not establish the violation of plaintiff's Eighth Amendment rights. Plaintiff's claims against Dr. Goodhand are therefore not cognizable in this action, and the Court will therefore dismiss Dr. Goodhand from this action, without prejudice.

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that, for the purposes of initial review, plaintiff has adequately stated a claim against Corizon, and against Leija, Lewis and Stange in their individual and official capacities. The Court will therefore require these defendants to respond to the complaint.

Plaintiff has also filed a motion seeking "a temporary restraining order and a preliminary injunction" to require the defendants "to arrange for an examination and a plan of treatment by a qualified mouth, nose and eye specialist, and to a preliminary injunction requiring the defendants to carry out that plan of treatment." (ECF No. 5). He describes the August 2019 extraction procedure, and claims he has been denied "appropriate medical care. He alleges that the defendants failed to send plaintiff to a specialist, despite the fact that Dr. Bauman said plaintiff might need additional surgery in the future and should see a specialist to address his needs.

6

Plaintiff claims he has had mouth pain and occasional difficulty eating and breathing freely due to the 2019 procedure. He does not specify how long these difficulties have persisted, nor does he allege they have impacted his overall health. He does not allege there has been a sudden or recent change in his condition necessitating immediate relief.

It appears plaintiff advances the same complaints and seeks the same treatment that has been the subject of his discussions with the defendants since 2019. The Court does not believe that plaintiff has, at this point, demonstrated that immediate and irreparable injury will occur before the defendants can be heard in opposition. Therefore, to the extent plaintiff can be understood to seek relief pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, he has not demonstrated entitlement to such relief. The Court will give the defendants the opportunity to respond to the motion.

Plaintiff has also filed a motion to appoint counsel. (ECF No. 4). A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, no defendant has been served with process, and discovery has not begun. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $74.75.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Dr. Oscar Goodhand is **DISMISSED** from this action, without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with

the Missouri Attorney General's Office, as to defendants Molly Leija, Jason Lewis, and Bill Stange.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Corizon Health. Defendant shall be served with process in accordance with the service agreement the Court maintains with Corizon.

**IT IS FURTHER ORDERED** that defendants Corizon, Leija, Lewis and Stange shall respond to plaintiff's complaint and to plaintiff's motion for injunctive relief (ECF No. 5).

Dated this 8th day of December 2021.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE