UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DENVER BLACKWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 1:21-CV-176-AGF |
| CORIZON HEALTH CARE, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff Denver Blackwell's "Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction." (ECF No. 5). The defendants have responded to the motion, and the matter is now ripe for disposition.

**Background**

As more fully set forth in this Court's Memorandum and Order dated December 8, 2021 (ECF No. 6), the essential facts can be summarized as follows. Self-represented plaintiff Denver Blackwell is an inmate at the Southeast Correctional Center (SECC). Plaintiff filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 against, *inter alia*, Missouri Department of Corrections officials Jason Lewis (the Deputy Director of the Division of Adult Institutions) and Bill Stange (the Warden of SECC), as well as MDOC's medical contractor Corizon, LLC and a Corizon administrator, Rachel "Molly" Leija. Plaintiff alleges that he was injured during a tooth extraction procedure on August 29, 2019, and that defendants were responsible for denying and/or delaying care and not referring him to a specialist, and for staffing deficiencies that contributed to these denials and/or delays. He also claims that Corizon and SECC had policies to deny and/or delay dental care until an inmate's condition deteriorated to the point tooth that

extraction was necessary. He alleges that essential care had been denied or delayed beginning in 2019 and continuing to the present.

In the title of the instant motion, plaintiff references both a temporary restraining order and a preliminary injunction. However, because plaintiff cannot be understood to seek temporary relief, the Court interprets the motion as one for preliminary injunction. In the motion, plaintiff alleges that one Dr. Bauman recommended that he see a "mouth, nose and eye specialist" for a consultation about problems that arose due to complications during an August 2019 tooth extraction procedure. ECF No. 5 at 1-2. He describes the problems as including a hole created when his jaw was broken, and two teeth were removed. Plaintiff claims he needs the consultation "to assess and treat his condition," he indicates he believes he will require surgery, and he states he is "experiencing continued pain from micro tearing in the damaged area, and unable to breathe freely." *Id.* at 2. He states he is facing irreparable harm because if he is not granted injunctive relief, "the hole could open back up and sagging could occur, further [a]ffecting his ability to breathe." *Id.* at 3. He also states generally that he is suffering a continuing deprivation of his constitutional rights. In response, the defendants contend, *inter alia*, that plaintiff has failed to demonstrate a threat of irreparable harm.

## Discussion

The purpose of a preliminary injunction is to protect the movant from harms alleged in the complaint while litigation is pending. To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. *Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). A preliminary injunction is an "extraordinary remedy," and the "party seeking injunctive relief bears the burden of proving all the *Dataphase* factors." *Watkins, Inc. v. Lewis*, 346 F.3d 841,

844 (8th Cir. 2003) (citations omitted).

No single factor is dispositive, but the movant must establish a threat of irreparable harm. *Dataphase Sys.,* 640 F.2d at 113. See *Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999) (A preliminary injunction should not be issued without a finding of irreparable harm). Speculation that harm will occur does not support a claim for irreparable harm. *See SJW ex rel. Wilson v. Lee's Summit R-7 School District*, 696 F.3d 771, 779 (8th Cir. 2012).

In this case, as the defendants contend, plaintiff has not demonstrated that he will suffer irreparable harm if the motion is not granted. In an attempt to demonstrate irreparable harm, plaintiff contends: "the hole could open back up and sagging could occur, further [a]ffecting his ability to breathe." (ECF No. 5 at 3). This contention amounts to only speculative harm, and a preliminary injunction should not be issued without a finding of irreparable harm. *Randolph,* 170 F.3d at 856.

Having determined that plaintiff has failed to meet his burden of demonstrating irreparable harm, the Court's inquiry is finished, and the denial of injunctive relief is warranted. *See Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 420 (8th Cir. 1987) ("Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted."). The motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Denver Blackwell's motion for injunctive relief (ECF No. 5) is **DENIED**.

Dated this 21st day of March 2022.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE