UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DENVER BLACKWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-CV-176-AGF |
| CORIZON HEALTH CARE, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of defendants Corizon, LLC and Rachel "Molly" Leija, filed February 7, 2022, seeking to dismiss plaintiff's complaint. ECF No. 19. For the reasons explained below, the motion will be denied, and defendants Corizon and Leija will be directed to answer the complaint.

### Background

As more fully set forth in this Court's Memorandum and Order dated December 8, 2021 (ECF No. 6), the essential facts can be summarized as follows. Self-represented plaintiff Denver Blackwell is an inmate at the Southeast Correctional Center (SECC). In December 2021, plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 against defendants Corizon, Leija (a Corizon administrator), a dentist named Dr. Oscar Goodhand, and two Missouri Department of Corrections (MDOC) officials named Jason Lewis and Bill Stange. Plaintiff sued the individual defendants in their official and individual capacities.

Plaintiff claims that Dr. Goodhand is liable for negligently inflicting harm during a tooth extraction procedure on August 29, 2019. Plaintiff's claims against Corizon and Leija concern allegedly wrongful denials and/or delays of dental care and specialist referrals as well as staffing

deficiencies that contributed to these denials and/or delays. He alleges that these wrongful acts/omissions occurred pursuant to Corizon's policy to deny and/or delay dental care until an inmate's condition deteriorates to the point that tooth extraction is required. Plaintiff also alleges that defendants' failure to provide dental care necessitated the August 2019 tooth extraction and that these denials and/or delays continue to occur. He seeks both monetary and prospective injunctive relief.

Upon initial review under 28 U.S.C. § 1915, the Court dismissed Dr. Goodhand from this action and directed the remaining defendants to respond to the complaint. ECF No. 6. MDOC defendants Lewis and Stange have filed a separate motion to dismiss, which is addressed in a separate Memorandum and Order entered concurrent herewith. In the present motion, defendants Corizon and Leija assert that, as to them, the complaint should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has filed a response, albeit untimely (ECF No. 25), arguing, *inter alia*, that he has adequately stated a claim of deliberate indifference.[1]

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the court presumes the veracity of the complaint's factual allegations and construes them in the plaintiff's favor. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

---

[1]   Defendants filed a reply arguing that plaintiff's claims of medical negligence and supervisory liability should be disregarded. The Court does not construe plaintiff's complaint against the Corizon defendants to invoke these theories. Plaintiff's medical malpractice claim against Dr. Goodhand was dismissed, and, as discussed below, mere negligence does not give rise to *Monell* liability. Rather, Plaintiff alleges that Corizon has an unconstitutional custom and practice of denying care, and Plaintiff's claim against Ms. Leija concerns her own direct involvement in denying care.

The issue in considering such a motion is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence in support of his claim. *Neitzke*, 490 U.S. at 327.

## Discussion

The Eighth Amendment requires that inmates be provided with adequate medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference. *Id.* The test for deliberate indifference consists of two prongs. *Id.* First, an inmate must show that he "suffered from an objectively serious medical need." *Id.* Second, an inmate must show that the defendant knew of and deliberately disregarded that need. *Id.*

Deliberate disregard is a mental state equivalent to criminal recklessness, which is more blameworthy than negligence yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate. *Id.* at 914–15 (citing *Farmer v. Brennan*, 511 U.S. 825, 835, 839–40 (1994). Showing medical malpractice is not enough. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Rather, an inmate must show that the provider disregarded "a known risk to the inmate's health." *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

In the instant motion, Corizon argues that it cannot be held liable for the alleged violations of plaintiff's constitutional rights because plaintiff's assertions of a Corizon policy or custom are vague and therefore deficient. This argument is not persuasive. A corporation acting under color of state law, like Corizon, can only be held liable under § 1983 for a constitutional violation if the violation resulted from its own unconstitutional policies. *See Crumpley–Patterson v. Trinity*

*Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)). In this case, plaintiff has clearly alleged that he suffered constitutional harm pursuant to a Corizon policy to deny and/or delay dental care until an inmate's condition progressed to the point that tooth extraction was necessary. The Court does not agree that plaintiff is required to plead the existence of an unconstitutional policy or custom with greater specificity at this stage of litigation. "When a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Agreeing with Corizon on this point would require the Court to ignore its duty to liberally construe plaintiff's complaint and to disregard "the liberality of Fed. R. Civ. P. 8(a)(2), which requires merely 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.*

Defendants also argue that Corizon should not be held liable for "the acts or omissions of Dr. Oscar Goodhand" or for plaintiff's contraction of MRSA due to an alleged negligent failure to maintain sanitary conditions. ECF No. 20 at 5. As noted above, neither negligence nor medical malpractice rises to the level of a constitutional violation. *See Estelle,* 429 U.S. at 106. Absent a constitutional violation, there can be no *Monell* liability. *See Monell,* 436 U.S. at 691 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort"). Therefore, Corizon cannot be held liable for acts or omissions that do not rise to the level of a constitutional tort. *See id.*

Next, defendants contend that plaintiff fails to state a claim against Ms. Leija because the complaint does not allege that she was aware of and deliberately disregarded his serious medical need. According to defendants, plaintiff's allegations that Leija failed to follow through on

4

recommended care amount to no more than ordinary negligence, and plaintiff fails to allege that Leija denied a doctor's recommendation for a specialist.  Defendants characterize plaintiff's allegations against Leija as impermissibly seeking to hold her liable for the actions of others. These arguments are not persuasive.

Plaintiff's complaint establishes that he had an objectively serious medical need.  In a section titled "In Regard to Defendant 3, Molly Leija." (ECF No. 1 at 6), he alleges that his pain medication and antibiotics were cancelled off and on and he was left in pain.  He further alleges that, on October 21, 2019, Dr. Bauman submitted a recommendation that plaintiff see a specialist to address his ongoing medical needs as a result of the complications that occurred during the August 2019 tooth extraction, but Leija did not follow through on that.  Additionally, plaintiff included with the complaint a copy of an Informal Resolution Request (IRR), dated September 8, 2021, in which he complained that he was "consistently being placed on a waiting list for years for simple dental procedures, such as fillings and the fixing of a broken tooth and having to endure the pain and problems that come from having a cavity and broken tooth until the teeth are in such bad conditions that the only thing left to do is to extract the tooth."  *Id.* at 32.  He asked for "an oral examination of my teeth and any and all teeth containing a cavity to be properly taken care of; a chipped tooth repaired; and a tooth broken down to the gum due to dental neglect extracted by an outside surgeon."  *Id.*  This document, signed by Leija as investigator and respondent, notes that plaintiff's complaint was not resolved.[2]  *Id.*

Based on these pleadings, it cannot be said that plaintiff has failed to allege that Leija was aware of and deliberately disregarded his serious medical need.  It also cannot be said that Leija's

---

[2] The Court considers these documents part of the complaint for all purposes.  *See* Fed. R. Civ. P. 10(c).

5

actions amount to mere negligence. The complaint may not be a perfect example of proper pleading practice, but, at this stage of this litigation, plaintiff's allegations are at least sufficient to attribute the alleged wrongdoing to Leija and to entitle plaintiff to present evidence in support of his claims.

For all of the foregoing reasons, the Court concludes that defendants Corizon and Leija are not entitled to dismissal at this stage, and plaintiff is entitled to present evidence in support of his claims. The Court will therefore require these defendants to answer the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the present motion to dismiss, filed by defendants Rachel "Molly" Leija and Corizon, LLC, is **DENIED**. ECF No. 19.

**IT IS FURTHER ORDERED** that defendants Rachel "Molly" Leija and Corizon, LLC, shall answer the complaint within fourteen (14) days of the date of this Memorandum and Order.

Dated this 21st day of March 2022.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE