UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DENVER BLACKWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-CV-176-AGF |
| CORIZON HEALTH CARE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of defendants Jason Lewis and Bill Stange, filed January 26, 2022, seeking to dismiss plaintiff's complaint. ECF No. 17. For the reasons explained below, the motion will be granted in part and denied in part, and defendants Lewis and Stange will be directed to answer the complaint.

### Background

As more fully set forth in this Court's Memorandum and Order dated December 8, 2021 (ECF No. 6), the essential facts can be summarized as follows. Self-represented plaintiff Denver Blackwell is an inmate at the Southeast Correctional Center (SECC). Defendants Jason Lewis and Bill Stange are employees of the Missouri Department of Corrections (MDOC). Lewis is Deputy Director of the Division of Adult Institutions, and Stange is the Warden of SECC. In December 2021, plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 against MDOC defendants Lewis and Stange, a dentist named Dr. Oscar Goodhand, the medical contractor Corizon, LLC, and a Corizon administrator named Rachel "Molly" Leija. Plaintiff sued the individual defendants in their official and individual capacities.

In his complaint, plaintiff claims that Dr. Goodhand was liable for negligently inflicting

harm during a tooth extraction procedure on August 29, 2019.  Plaintiff's claims against Lewis and Stange concern allegedly wrongful denials and/or delays of dental care and specialist referrals as well as staffing deficiencies that contributed to the denials and/or delays.  Plaintiff alleges that these wrongful acts/omissions occurred pursuant to an SECC policy to deny and/or delay dental care until an inmate's condition deteriorates to the point that tooth extraction is necessary.  Plaintiff alleges that the failure to provide routine dental care necessitated his August 2019 tooth extraction and that denials and/or delays continue to occur.  Plaintiff seeks monetary and prospective injunctive relief.

Upon initial review under 28 U.S.C. § 1915, the Court dismissed Dr. Goodhand from this action and directed the remaining defendants to respond to the complaint.  ECF No. 6.  MDOC defendants Lewis and Stange filed the instant motion to dismiss on February 7, 2022, asserting that the complaint should be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff has submitted a response in opposition, albeit untimely.  Defendants Corizon and Leija have filed a separate motion to dismiss (ECF No. 19), which the Court has addressed in a separate Memorandum and Order entered concurrent herewith.

**Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the court presumes the veracity of the complaint's factual allegations and construes them in the plaintiff's favor.  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  To survive dismissal, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The issue in

considering such a motion is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence in support of his claim. *Neitzke*, 490 U.S. at 327.

## Discussion

The Eighth Amendment requires that inmates be provided with adequate medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference. *Id.* The test for deliberate indifference consists of two prongs. *Id.* First, an inmate must show that he "suffered from an objectively serious medical need." *Id.* Second, an inmate must show that the defendant knew of and deliberately disregarded that need. *Id.*

Deliberate disregard is a mental state equivalent to criminal recklessness, which is more blameworthy than negligence yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate. *Id.* at 914–15 (citing *Farmer v. Brennan*, 511 U.S. 825, 835, 839–40 (1994)). Showing medical malpractice is not enough. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Rather, an inmate must show that the provider disregarded a known risk to the inmate's health. *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

In the instant motion, MDOC defendants Lewis and Stange argue that plaintiff's complaint fails to state a plausible claim of deliberate indifference because (1) they cannot be held liable for any negligently inflicted harm; (2) plaintiff's complaints about their alleged policy amount to nothing more than a disagreement about the course of treatment; and (3) plaintiff did not sufficiently allege that they deliberately failed to hire enough dentists. These defendants also

3

contend that the Eleventh Amendment bars plaintiff's official capacity claims, and defendants are entitled to qualified immunity. In response, plaintiff maintains that (1) he has adequately stated a claim of deliberate indifference; (2) he has sued the defendants in their individual and official capacities and the Eleventh Amendment does not bar his claims; and (3) the defendants are not entitled to qualified immunity.

Plaintiff's complaint establishes that he had an objectively serious medical need. But, as the defendants contend, and as this Court previously determined, negligently inflicted harm, such as Dr. Goodhand's alleged negligence or malpractice, or a negligent failure to maintain sufficiently sanitary conditions, cannot form the basis of a deliberate indifference claim. *See Estelle,* 429 U.S. at 106. However, plaintiff has sufficiently alleged that he suffered a delay and/or denial of necessary dental care due to an SECC policy to deny and/or delay dental care until an inmate's condition progressed to the point that tooth extraction was necessary, and that Lewis and Stange are responsible for staffing deficiencies that contributed to the denials and/or delays. Despite defendants' assertions, plaintiff's allegations cannot be characterized as alleging a mere disagreement with the course of treatment. The complaint may not be a perfect example of proper pleading practice, but, at this stage of this litigation, plaintiff's allegations are sufficient to attribute the alleged wrongdoing to defendants and to entitle plaintiff to present evidence in support of his claims.

Next, the defendants argue they are entitled to Eleventh Amendment immunity from plaintiff's official capacity claims for monetary relief. The Court agrees. A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). According to the complaint, defendants Lewis and Stange are

employed by the MDOC, a state agency. *See Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency). The Eleventh Amendment prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Thus, to the extent plaintiff attempts to sue these defendants in their official capacities for monetary relief, such claims are barred by the Eleventh Amendment. However, to the extent plaintiff can be understood to sue the defendants in their official capacities for injunctive or prospective relief, such claims are not barred by the Eleventh Amendment. *See Ex parte Young,* 209 U.S. 123 (1908). *See also Nix,* 879 F.2d at 432 (while a person may not bring an action solely against a state or one of its agencies, a state official may be sued in his official capacity for injunctive or prospective relief for a legally cognizable claim); *Campbell v. Arkansas Dept. of Correction*, 155 F.3d 950, 962 (state officials "may be sued in their official capacities for prospective, injunctive relief"); *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) ("State officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief").

Finally, the defendants contend they are entitled to qualified immunity. "Qualified immunity may protect government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 527 (8th Cir. 2009) (en banc) (quotation omitted). In this case, it cannot be said, at this stage of this litigation, that the defendants did not violate plaintiff's constitutional rights, or that such rights were not clearly established or known to defendants at the time. As such, these defendants are not entitled to qualified immunity at this time.

For all of the foregoing reasons, the Court concludes that defendants Lewis and Stange are entitled to dismissal of plaintiff's official capacity claims for monetary damages but not entitled to dismissal of plaintiff's remaining claims at this stage.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of MDOC defendants Jason Lewis and Bill Stange seeking to dismiss plaintiff's complaint is **GRANTED** as to plaintiff's official capacity claims seeking monetary damages and **DENIED** in all other respects. ECF No. 17.

**IT IS FURTHER ORDERED** that defendants Jason Lewis and Bill Stange shall answer plaintiff's complaint within fourteen (14) days of the date of this Memorandum and Order.

Dated this 21st day of March 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE